**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**KEVIN GRANT,**

    **Petitioner,**

v.

**UNITED STATES OF AMERICA,**

    **Respondent.**

**CASE NO. 2:08-CV-299
CRIM. NO. 2:04-CR-161
JUDGE GREGORY FROST
MAGISTRATE JUDGE ABEL**

## **OPINION AND ORDER**

On March 13, 2012, the Magistrate Judge issued a *Report and Recommendation* recommending that the instant motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 be dismissed. Petitioner has filed objections and supplemental objections to the Magistrate Judge's *Report and Recommendation.* For the reasons that follow, Petitioner's objections (Docs. 136, 138) are **OVERRULED**. Petitioner's request for an evidentiary hearing (Doc. 139) and the appointment of counsel are **DENIED**. The *Report and Recommendation* is **ADOPTED** and **AFFIRMED**. This action is hereby **DISMISSED.**

Petitioner objects to the Magistrate Judge's recommendation of dismissal of his claims of insufficiency of the evidence as not properly considered in § 2255 proceedings. He objects to the Court's failure to appoint counsel to assist him in preparation of his § 2255 petition. Additionally, he requests an evidentiary hearing. Petitioner objects to the Magistrate Judge's reliance oN the decision of the United States Court of Appeals rejecting Petitioner's claim that there was an insufficient factual basis to support his convictions under 18 U.S.C. 924(c). He objects to the Magistrate Judge's rejection of his claim of ineffective assistance of counsel based on his attorney's failure to raise an insufficiency of the evidence claim in regard to his conviction on operation of a

continuing criminal enterprise in violation of 21 U.S.C. 848 based on the factual summary set forth at his guilty plea hearing, and he contends that his attorney should have raised this issue at sentencing. Petitioner objects to the Magistrate Judge's recommendation of dismissal of all of his claims, again raising all of the arguments he previously presented.

The record fails to indicate an evidentiary hearing is required to resolve Petitioner's claims. To the contrary, the record conclusively establishes that Petitioner is entitled to no relief. *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999)(citing *Blanton v. United States,* 94 F.3d 227, 235 (6th Cir. 1996)). Additionally, Petitioner has no constitutional right to counsel in federal habeas corpus proceedings. *See Post v. Bradshaw*, 422 F.3d 419, 423 n. 1 (6th Cir. 2005). The appointment of counsel is only required where an evidentiary hearing is required to resolve a petitioner's claims. Rule 8(c), Rules Governing Section 2255 Proceedings. Such are not the circumstances here. The record fails to reflect that any of the issues raised are so complex or unusual so as to require the appointment of counsel on Petitioner's behalf. *See* 18 U.S.C. 3006A(a)(2).

Although Petitioner now contends that he is not guilty of the charges and did not want to enter a guilty plea, these representations contradict those he made at the time of his guilty plea hearing, and

> the representations of the defendant, his lawyer, and the prosecutor at such a hearing, as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings. Solemn declarations in open court carry a strong presumption of verity. The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible.

*Blackledge v. Allison*, 431 U.S. 63, 76 (1977).

Petitioner additionally now argues that he improperly was sentenced under Amendment 709

to the United States Sentencing Guidelines. He contends that the Magistrate Judge misconstrued the arguments he presented in his Rule 60(b) motion, and now argues he improperly was assessed one criminal history point for his prior conviction on driving without a license, on the basis that this offense was not the same or similar to the offenses charged. Review of the record reflects, however, that Petitioner plainly failed earlier to raise these same arguments. He may not, therefore, raise such issues via these objections.

As discussed by the Magistrate Judge, those issues already resolved by the United States Court of Appeals are not properly again addressed in habeas corpus proceedings. *Oliver v. United States*, 90 F.3d 177, 180 (6th Cir. 1996). The record fails to indicate Petitioner was denied the effective assistance of counsel under the test set forth in *Strickland v. Washington,* 466 U.S. 668 (1984), in regard to his sentence or otherwise. Petitioner argues that he was prejudiced by his attorney's failure to obtain a lesser sentence on his behalf. This Court is not so persuaded. The District Court imposed the mandatory minimum term required under Petitioner's offenses of conviction. Thereafter, at the government's motion, the Court substantially reduced Petitioner's sentence.

Pursuant to 28 U.S.C. § 636(b), this Court has conducted a *de novo* review. For the reasons detailed in the Magistrate Judge's *Report and Recommendation*, Petitioner's objections are **OVERRULED.** The *Report and Recommendation* is **ADOPTED** and **AFFIRMED**. This action is hereby **DISMISSED.**

**IT IS SO ORDERED.**

                                                      /s/ Gregory L. Frost  
                                                      GREGORY L. FROST  
                                                      United States District Judge